IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHARLES ALPINE, <br> (a/k/a Charle Alpine) <br> (a/k/a Charles Al-Pine) <br> (TDCJ-CID #1422624) <br> Petitioner, <br> VS. <br><br> LORIE DAVIS, <br> Respondent. | § § § § § § § § § § § § CIVIL ACTION NO. H-10-2783 |

## ORDER

On April 6, 2011, the Court granted the respondent's motion to dismiss as time-barred. (Docket Entry No. 20). This Court also denied a certificate of appealability because Alpine failed to make a substantial showing of the denial of a constitutional right.

Alpine asks this Court to dismiss his sentence. Liberally construed, Alpine moves for relief from the judgment under the "catchall provision" of Rule 60(b). *Solis v. Dretke*, 436 F. App'x 303, 306 (5th Cir. 2011). The Fifth Circuit has "consistently held that relief under [section] 60(b)(6) is mutually exclusive from relief under sections (1)-(5)." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005).

Rule 60(b)(6) is "an extraordinary remedy" because "'[t]he desire for a judicial process that is predictable mandates caution in reopening judgments.'" *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998) (quoting *Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir. 1990)).

Rule 60(b)(6) motions "will be granted only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002).

Alpine has shown no basis for this Court to reconsider its dismissal of his petition as barred by limitations. The Court will not spend scarce judicial resources revisiting these issues. The motion for relief from judgment, (Docket Entry No. 87), is DENIED for the reasons previously set forth in the order entered on April 6, 2011. (Docket Entry No. 13).

SIGNED at Houston, Texas, on June 11, 2018.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE